IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. LOWERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–01687−JPG |
| | ) |
| ANDY MILNER | ) |
| and MIKE EVERETT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald Lowery, an inmate who is currently incarcerated at Wayne County Jail ("Jail"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff alleges that he was denied treatment at the Jail for a number of serious medical conditions. (Doc. 1, pp. 6-7). He seeks money damages and injunctive relief[1] against the defendants. (Doc. 1, p. 8).

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.

---

[1] Plaintiff specifically asks for "proper medical attention." (Doc. 1, p. 8). The Court interprets this request as one for injunctive relief at the close of this case. If he seeks more immediate relief, Plaintiff should file a motion for a temporary restraining order ("TRO") or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure. In the motion, Plaintiff should identify the exact relief he seeks, the reasons he requires interim relief, and the factual allegations that support his request.

1

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff alleges that he was denied vision, dental, psychiatric, and general medical care at the Jail. (Doc. 1, pp. 6-7). Plaintiff's eyeglasses were allegedly confiscated during his transfer from Will County to Wayne County Jail, and his request for an appointment with an eye doctor for new prescription eyeglasses was denied. (Doc. 1, p. 6). When Plaintiff requested a dental appointment to address his "extreme toothaches," he was informed that "the Jail" was not required to provide medical care. *Id*. Plaintiff filed grievances to address these matters, but Jail Administrator Milner ignored the grievances and his related complaints of migraines, vision problems, and dental pain. *Id*.

Plaintiff also reports a general lack of access to qualified health care providers at the Jail. (Doc. 1, p. 7). He suffers from high blood pressure and depression, which require regular treatment with a doctor, a psychologist, and/or a psychiatrist. *Id*. None of the providers are available. *Id*. Instead, the Jail offers the services of a nurse (twice monthly) and a counselor (sporadically). *Id*. Plaintiff describes both as being unqualified to treat him. *Id*.

## Discussion

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint, as follows:

**Count 1:** Defendants denied Plaintiff's request for an appointment with an eye doctor for new prescription eyeglasses, in violation of his constitutional rights.

**Count 2:** Defendants denied Plaintiff's request for an appointment with a dentist to treat his toothaches, in violation of his constitutional rights.

**Count 3:** Defendants denied Plaintiff adequate medical care for his high blood pressure, in violation of his constitutional rights.

**Count 4:** Defendants denied Plaintiff adequate mental health treatment for his depression, in violation of his constitutional rights.

**Count 5:** Defendants implemented and/or enforced a policy, custom, or practice of understaffing the Jail's healthcare unit with qualified medical and/or mental health professionals, in violation of Plaintiff's constitutional rights.

**Any claim not identified above but encompassed by the allegations shall be considered dismissed without prejudice for failure to satisfy the *Twombly* pleading standard.**

The applicable legal standard for Plaintiff's claims depends on his status as a convicted person or a pretrial detainee. The Eighth Amendment governs claims brought by prisoners and prohibits punishment that is considered "cruel and unusual." U.S. CONST. Amend. VIII. To state a claim for the denial of medical care in this context, a prisoner must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). The objective component requires a plaintiff to demonstrate that he suffered from a sufficiently serious medical condition, and the subjective component requires the prisoner to show that each defendant responded with deliberate indifference. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Fourteenth Amendment Due Process Clause governs claims of pretrial detainees. *Miranda v. County of Lake*, -- F.3d --, 2018 WL 3796482 (7th Cir. Aug. 10, 2018). Under the Fourteenth Amendment, pretrial detainees cannot be punished at all. *Id*. (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). The Seventh Circuit recently applied an objective reasonableness standard, instead of a deliberate indifference standard, to a medical claim brought by a pretrial detainee. *See Miranda*, 2018 WL 3796482, at *9-11.

Counts 1 and 2 survive screening against Jail Administrator Milner under the Eighth and/or Fourteenth Amendment because the allegations suggest this defendant deliberately disregarded Plaintiff's complaints of vision and dental pain and/or infection. However, Plaintiff did not identify any defendants in connection with his other claims. This includes Jail Administrator Milner, who is not mentioned in connection with Counts 3, 4, or 5, or Sheriff Everett, who is not mentioned in connection with any claims. Merely invoking the name of a potential defendant in the case caption is not sufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The doctrine of *respondeat superior* also does not apply to § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Id*. at 740 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff's allegations do not suggest that Sheriff Everett deprived Plaintiff of vision treatment (Count 1) or dental care (Count 2) or that either defendant denied him medical care for high blood pressure (Count 3), mental health treatment for depression (Count 4), or access to qualified medical staff (Count 5).

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. A district court faced with a request for counsel must ask whether the indigent plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so and, if so, whether the plaintiff appears competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff discloses no attempts to find counsel and appears competent to litigate this matter *pro se*, given his coherent pleadings and lack of identifiable impediments (*e.g.*, language, educational, medical). His request for counsel is denied at this time.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** are subject to further review against Defendant **MILNER**, but **DISMISSED** without prejudice against Defendant **EVERETT** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 3, 4,** and **5** are **DISMISSED** without prejudice against Defendants **MILNER** and **EVERETT** for failure to state a claim.

**IT IS ALSO ORDERED** that Defendant **EVERETT** (official capacity only) shall remain named as a defendant in this action for purposes of carrying out any injunctive relief that is ordered. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **ANDY MILNER** and **MIKE EVERETT** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 10, 2018**

                                                                    s/J. Phil Gilbert
                                                                    **District Judge**
                                                                    **United States District Court**