# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. LOWERY, | ) |
|                Plaintiff, | ) |
| vs. | ) Case No. 18-cv-01687-JPG |
| ANDY MILNER and<br>MIKE EVERETT, | ) |
|                Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald E. Lowery filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on September 5, 2018. (Doc. 1). Along with the Complaint, he filed a Motion for Leave to Proceed *in forma pauperis* without prepaying the full $400.00 filing fee for this action. (Doc. 2). On September 21, 2018, the Court granted him permission to proceed as a poor person. (Doc. 7). However, he was ordered to pay an initial partial filing fee of $11.20. (*Id.*). Plaintiff simply ignored the Court's Order. (Doc. 7).

On February 7, 2019, the Court entered a second Order requiring Plaintiff to pay his initial partial filing fee of $11.20 or demonstrate that he was without means to pay the amount on or before April 9, 2019. (Doc. 15, pp. 1-2). This time, the Court warned Plaintiff that failure to comply with the Order may result in sanctions that include dismissal of the case. (*Id.*). Plaintiff also disregarded this Order. He failed to pay any portion of the fee, request an extension of time to do so, or offer any reason why he was unable to meet this obligation.

On December 16, 2019, this Court entered a third Order—this time, an Order to Show Cause—requiring Plaintiff to pay the $11.20 fee *or* demonstrate his inability to pay <u>and</u> explain

1

why this case should not be dismissed on or before January 8, 2020. (Doc. 22). He was warned that failure to comply with the Order would result in dismissal of the case. (*Id.*).

Plaintiff responded to the Show Cause Order. (Doc. 23). He explained that he was unable to pay the fee because of a negative trust fund account balance and medical expenses. (*Id.*). Although the Court discharged the show cause order, the Court did not cancel Plaintiff's obligation to pay the initial partial filing fee. (Doc. 29). In an Order entered January 9, 2020, the Court explained, "Although he has demonstrated why he cannot pay this amount at this time, Plaintiff remains obligated to do so. He is hereby ORDERED to remit payment of $11.20 on or before April 10, 2020. He is WARNED that failure to do so may result in dismissal of this case for failure to comply with a court order and/or prosecute his claims. See FED. R. CIV. P. 41(b)." (*Id.*) (emphasis in original). He has, once again, disregarded the Court's Order.

Despite multiple extensions of the deadline to pay his initial partial filing fee, Plaintiff has paid nothing toward the $11.20 fee to date. He has not requested an extension of the deadline to do so. The Court will not allow this matter to linger any longer. This case shall be dismissed for Plaintiff's failure to comply with multiple Court Orders, including Docs. 7, 15, 22, and 29, and failure to prosecute his claims.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Orders (Docs. 7, 15, 22, and 29) to pay the initial partial filing fee of $11.20 for this action and his failure to prosecute his claims herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall <u>not</u> count as one of Plaintiff's allotted "strikes" under § 1915(g). All pending motions (Doc. 27) are **DISMISSED** as **MOOT**.

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**DATED: April 14, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**